# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| ANDREW R. AHRENS, | No.  48390-4-II |
| Appellant, | |
| v. | UNPUBLISHED OPINION |
| DEPARTMENT OF LABOR & INDUSTRIES, | |
| Respondent. | |

SUTTON, J. — Andrew R. Ahrens appeals from a superior court order granting summary judgment to the Department of Labor and Industries (Department) and affirming a July 5, 2013 wage rate order issued by the Department after finding that there was no question of fact as to whether Ahrens had failed to timely challenge the July 5, 2013 order.  We agree that there was no question of fact.  Accordingly, we affirm the superior court's order granting summary judgment and affirming the Department's July 5, 2013 wage rate order.

## FACTS

Ahrens was injured at work in 2012 and the Department allowed his claim.  Following the injury, the Department issued the following orders:  (1) On March 18, 2013, the Department issued a notice of decision stating that it was responsible for Ahrens's "lumbar strain," (2) on July 3, 2013, the Department issued an order correcting and superseding the March 18, 2013 order, finding that Ahrens' "lumbar sprain" was unrelated to his industrial injury, (3) on July 5, 2013, the

No. 48390-4-II

Department issued an order setting Ahrens' wages at the time of his injury at $1,056.70 per month.[1]

Clerk's Papers (CP) at 84, 136-37.

On August 27, Ahrens submitted a letter captioned "**PROTEST AND REQUEST FOR RECONSIDERATION**" stating:

> I am writing on behalf of the Claimant, Mr. Andrew Ahrens, to protest and request reconsideration of the Department of Labor & Industries Notice of Decision *dated July 3, 2013*, and which was received by the Claimant on July 8, 2013 (the "Order"). A true and correct copy of the Order is attached to this correspondence. The Order reversed the Department's Notice of Decision dated March 18, 2013. A true and correct copy of the March 18, 2013 Order is attached to this correspondence.
>
> The Order is incorrect because Mr. Ahern's lumbar sprain was caused by his industrial injury. Mr. Ahrens injured his back while in physical therapy for his bilateral knee condition accepted under his open workers' compensation claim. Additionally, an independent medical exam dated February 28, 2013 determined that the sprain was causally related to his August 16, 2012 workplace injury.
>
> Mr. Ahrens was not experiencing back pain at the time of his injury. Any prior back pain was aggravated and lit up by his August 16, 2012 workplace injury. The Claimant requests that the Department reverse the Order and issue a new order accepting Mr. Ahrens' lumbar strain under his claim.

CP at 135 (emphasis added). Copies of the July 3, 2013 and March 18, 2013 orders, both of which addressed the lumbar sprain issue, were attached to the letter. The letter did not mention any other action by the Department, and Ahrens did not attach copies of any other orders.

On September 10, the Department issued a notice of decision stating that it was reconsidering the July 3, 2013 lumbar sprain order and would issue a new order after further

---

[1] The notice stated, "The wage for the job of injury is based on $23.00 per hour, 1.46 hours per day, 4.00 days per week = $604.44 per month." CP at 84. It also included health care benefits of $452.26 per month, for a total gross wage received of $1,056.70 per month. It is unclear how the Department arrived at the $604.44 monthly pay.

review. On October 2, the Department issued a notice of decision, stating that it had reconsidered the July 3, 2013 lumbar sprain order and had determined that the order was correct.

On October 15, Ahrens submitted a new protest letter. This protest letter stated,

> I am writing on behalf of the Claimant, Mr. Andrew Ahrens, to request that the Department take action on the protest of August 27. Specifically, *the Department has not yet reconsidered the wage order dated July 5*. In addition, this letter serves as a protest and request for reconsideration **of all overpayment orders in this matter** as the wage contains a typographical error that the claim manager previously overlooked. This also constitutes a protest of all segregation orders in this matter. If you do not desire to take action on this protest, please forward it to the Board of Industrial Insurance Appeals as a direct appeal.

CP at 146 (emphasis added).

On October 18, the Department issued a notice of decision stating that the Department could not reconsider the July 5, 2013 wage rate order because it had not received a timely protest. Ahrens appealed the October 18, 2013 order to the Board of Industrial Insurance Appeals (Board). CP at 151. He argued that the October 18, 2013 order was incorrect "because the claim manager should have reconsidered the clearly erroneous order after the claimant's August 27 protest, and in light of the claimant's returned mail concerning [loss of earning power] benefits." The Claimant was covered by health insurance but only worked 1 hour per day? That is simply absurd." CP at 152.

On January 6, the Department issued a notice of decision correcting and superseding the orders dated July 3, 2013, October 2, 2013 and October 18, 2013. The Department issued a revised wage calculation of $3,571.06 per month.[2]

---

[2] The wage was based on an hourly wage of $23.00, for an average of 4.52 hours per day, 30 days a month, plus insurance.

But on January 14, the Department issued a notice of decision stating that the January 6, 2014 order was "null and void because the Department did not have jurisdiction to issue the order." CP at 167. On January 15, the Department issued a notice of decision stating that it could not reconsider the July 5, 2013 wage rate order because the protest was not received within 60 days.

Ahrens appealed the January 14, 2014 order to the Board.[3] He asserted that he timely protested the July 5, 2013 wage rate order. The Department moved for summary judgment. The Department argued that there was no question of fact as to whether Ahrens timely objected to the July 5, 2013 wage rate order because the plain language of the August 27, 2013 protest letter did not mention or otherwise reference the July 5, 2013 wage rate order—it referenced only the July 3, 2103 and March 18, 2013 orders, which were related to the lumbar sprain issue. The Department acknowledged that it had erred when it issued its January 6, 2014 order, but it asserted that order had no weight because it was subsequently withdrawn.

Ahrens argued that reasonable minds could disagree as to whether the August 27, 2013 protest put the Department on notice that it was to take action on the July 5, 2013 wage rate order. He argued that his October 15 protest letter specifically alerted the Department that it had not taken action on the July 5, 2013 order and that the Department's own actions, specifically its January 6, 2014 order, demonstrated the Department believed it must take action.

The industrial insurance appeals judge granted the Department's summary judgment motion and affirmed the July 5, 2013 wage rate order. Ahrens appealed this decision to the superior court.

---

[3] Ahrens also appealed a January 16, 2014 overpayment order; this order is not at issue on appeal.

At the superior court, the Department again moved for summary judgment. The superior court granted the Department's motion for summary judgment and affirmed the Board's decision, finding that there was no genuine issue of material fact as to whether Ahrens had timely appealed the July 5, 2013 order.

Ahrens appeals.

## ANALYSIS

Ahrens argues that the trial court erred in deciding on summary judgment that he failed to timely protest the July 5, 2013 wage rate order. He contends that summary judgment was inappropriate because there was a question of fact as to whether the August 27, 2013 protest letter put the Department on notice that he was challenging the July 5, 2013 wage rate order. We disagree.

### I. STANDARD OF REVIEW

"RCW 51.52.110 and RCW 51.52.115 govern judicial review of matters arising under the Industrial Insurance Act." *Stelter v. Dep't of Labor & Indus*., 147 Wn.2d 702, 707, 57 P.3d 248 (2002). "When a party appeals from a board decision, and the superior court grants summary judgment affirming that decision, the appellate court's inquiry is the same as that of the superior court." *Stelter*, 147 Wn.2d at 707 (citing *Our Lady of Lourdes Hosp. v. Franklin County,* 120 Wn.2d 439, 451, 842 P.2d 956 (1993)). We base our review "solely on the evidence and testimony presented to the Board." *Stelter*, 147 Wn.2d at 707 (citing RCW 51.52.115; *Johnson v. Weyerhaeuser Co.*, 134 Wn.2d 795, 800 n.4, 953 P.2d 800 (1998)).

No. 48390-4-II

A summary judgment motion will be granted only if after viewing all the pleadings, affidavits, depositions, admissions and all reasonable inferences drawn therefrom in favor of the nonmoving party, it can be said that (1) there is no genuine issue as to any material fact, (2) all reasonable persons could reach only one conclusion, and (3) the moving party is entitled to judgment as a matter of law. *Walston v. Boeing Co.*, 181 Wn.2d 391, 395, 334 P.3d 519 (2014). A nonmoving party attempting to preclude a summary judgment "'may not rely on speculation, [or on] argumentative assertions that unresolved factual issues remain.'" *Hendrickson v. Tender Care Animal Hosp. Corp.*, 176 Wn. App. 757, 762, 312 P.3d 52 (2013) (alteration in original) (quoting *Seven Gables Corp. v. MGM/UA Entm't Co.*, 106 Wn.2d 1, 13, 721 P.2d 1 (1986)), *review denied*, 179 Wn.2d 1013 (2014).

## II. NO QUESTION OF FACT

The Department's orders become final 60 days after the Department communicates the order to a party unless the party files a written request for reconsideration with the Department or files an appeal to the Board. RCW 51.52.050(1). Here, the parties agree that the written notice must be "reasonably calculated to put the Department on notice that the party is requesting action inconsistent with the adverse Department decision." Br. of Appellant at 3; Br. of Resp't at 8; *see In re Mike Lambert*, No. 91 0107, 1991 WL 11008451, *1 (Wash. Bd. of Indus. Ins. Appeals Jan. 29, 1991).

Ahrens argues that his August 27, 2013 protest letter put the Department on notice that he was challenging the July 5, 2013 wage rate order. But the plain text of the August 27, 2013 protest letter refers only to the orders issued July 3, 2013 and March 18, 2013, both of which addressed whether the Department was responsible for Ahrens' lumbar sprain. The protest letter also

6

discusses facts related only to the lumbar sprain issue. Additionally, Ahrens only attached copies of the July 3, 2013 and March 18, 2013 orders that addressed only the lumbar sprain. There is nothing in the August 27, 2013 protest letter remotely suggesting that Ahrens was challenging any other Department order issued within 60 days of August 27, 2013. Given the specificity of the August 27, 2013 letter and the lack of anything suggesting that Ahrens was challenging any other action by the Department, we agree with the Board and the superior court that there is no likelihood that any reasonable person would have concluded that the August 27, 2013 protest letter was intended to challenge the July 5, 2013 wage rate order. Thus, summary judgment for the Department was appropriate.

Ahrens further argues that his October 2013 protest letter and the Department's January 6, 2014 order demonstrate that at least two people, his counsel and the person handling his case for the Department, believed that the August 27, 2013 protest letter was sufficient to put the Department on notice that he was challenging the July 5, 2013 wage rate order. He contends that this establishes at least a question of fact as to this issue. But Ahrens' argument is based on mere speculation, which we cannot consider when reviewing a summary judgment order. *Hendrickson*, 176 Wn. App. at 762.

Ahrens further asserts that the Department's own act of issuing a series of four orders relating to different aspects of his benefits on consecutive days created the confusion in the first instance.[4] He argues that under these circumstances, the August 27, 2013 protest letter put the claim manager on notice that the Department needed to address all orders it had sent within 60 days of the protest letter. Ahrens cites no authority establishing that all orders issued within 60 days of a protest letter should be considered by the Department. Thus, we decline to consider this argument.[5] RAP 10.3; *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992).

Finally, Ahrens argues that the trial court erred by not considering the Department's January 6, 2014 order. He contends that he is entitled to have the court consider the Department's later actions because the Industrial Insurance Act is remedial in nature and is to be liberally construed in favor of the injured worker. But, as discussed above, whether the January 6, 2013 order demonstrated that the Department found that the August 27, 2013 letter was sufficient to put the Department on notice that Ahrens was challenging the July 5, 2013 ruling is mere speculation, which cannot be considered on a summary judgment motion. *Hendrickson*, 176 Wn. App. at 762. Accordingly, this argument fails.

---

[4] In addition to the July 3, 2013 and the July 5, 2013 orders, the Department also issued two additional orders: (1) a July 1, 2013 order ending time-loss compensation, and (2) a July 2, 2013 order cancelling a May 28, 2013 order. The May 28, 2013 order is not part of the record.

[5] Additionally we note that the specificity of the August 27, 2013 protest letter does not suggest that Ahrens was confused about which order issued in or around July 2013 he was challenging.

No. 48390-4-II

Because there was no question of fact as to whether Ahrens timely protested the July 5, 2013 wage rate order, we affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
SUTTON, J.

We concur:

_____
WORSWICK, P.J.

_____
JOHANSON, J.

9